[No. 3726.]

ROLLINS V. FEARNLEY INVESTMENT AND REAL ESTATE COMPANY ET AL.

1. APPEALS—*Finding on Sufficient Evidence, Though Conflicting*, will not be disturbed.

2. —— *Trial by the Court.* The admission of incompetent evidence held not prejudicial.

3. WATER RIGHTS—*Decree Adjusting*, specifically limiting the use of water decreed to the appellee to the irrigation of their own lands, which were accurately described, and allowing the use of the water only when necessary, providing that all waters not used by appellee shall go to appellant for the irrigation of his lands, provided he shall comply with the contract upon which his rights were based, held sufficiently definite to protect the right of the appellant.

*Appeal from Arapahoe District Court.* HON. CHARLES McCALL, Judge.

Mr. WILLIAM YOUNG, Mr. JAMES H. BROWN for appellant.

Mr. GEORGE F. DUNKLEE, Mr. EDWARD V. DUNKLEE, Mr. O. E. JACKSON for appellees.

CUNNINGHAM, Presiding Judge.

Appellant, Rollins, as plaintiff below, in April, 1909, filed his complaint to quiet title to a certain ditch and to

a water right incident thereto, averring complete owner-
ship and absolute title of both to be in himself. In 1903,
Rollins instituted an injunction proceeding against the
appellee Investment Company *et al.,* in which the same
question, viz.: the title to the ditch and water here in-
volved, was litigated. In the first action Rollins obtained,
*ex parte,* a preliminary injunction restraining the invest-
ment company and its tenants from diverting and using
water from the ditch. On final hearing the trial court
dissolved this injunction and found that the equities of
the case, instead of being with plaintiff, were with de-
fendant, the investment company, defendant below and
appellee here. The injunction case, which was appealed,
was affirmed—see *Rollins v. Fearnley,* 45 Colo., 319, 101
Pac., 345, where the facts are more fully stated.

On appeal in the former case the supreme court not
only found that there was ample evidence introduced on
the former trial to support the findings of the lower court
that the equities were with the investment company, but
expressed the belief that said findings were undoubtedly
correct and added that they were unqualifiedly approved
by it.

The sole question in both cases brought by appellant
turned upon the title to the ditch, and the water right
incident thereto. The testimony in both cases was simi-
lar. On the first trial, after finding the equities against
Rollins and for the investment company, the trial court
dissolved the preliminary injunction theretofore granted
by it, and dismissed the case, assigning as its reason for
such action the absence of proper and necessary parties
to a complete determination of the controversy. The su-
preme court, in its opinion already cited, expressly ruled
that, "all matters affecting appellant Rollins' rights, as
alleged and set forth in his complaint, were correctly de-
termined by the trial court." Among the matters set
forth in Rollins' original complaint, indeed the principal

matter, was his claim of title to the ditch and water right which in this action he seeks to have quieted in himself.

The evidence in this case (as we read the records in both cases) preponderates in appellee's favor quite as clearly as in the former case.

It is urged in behalf of appellant in his brief in the instant case that the trial court committed error in decreeing to appellees a greater amount of water than is reasonably required to properly irrigate their land. It would perhaps be sufficient on this point to say that we find no error assigned which requires us to consider this question; but, inasmuch as the evidence introduced on this point was sharply conflicting, we are unable to say that the finding and decree of the trial court in this behalf were wrong. Moreover, the judgment specifically limits the use of the water decreed to appellees to their lands, which are accurately described in the decree, and allows the appellees to use the same only whenever it is necessary, and provides: "That all surplus water over and above the amount of water used by defendant and the intervenor (appellees) for the purpose of irrigating their said lands, shall go to the plaintiff, his heirs, executors, administrators and assigns, for the purpose of irrigating his said lands," providing the appellant shall carry out the terms of the contract on which his rights are based, which contract it is not necessary for us to set forth. These provisions of the decree clearly limit the rights of the appellees to the use of the water on the lands now owned by them, and sufficiently guard the rights of appellant against a prodigal use of the water by appellees.

Serious complaint is made by appellant to the rulings of the trial court on the introduction of testimony, and we think that the record discloses that both parties were permitted, over objection, to introduce much incom-

petent evidence, but, as the trial was to the court without a jury, we cannot say that prejudicial error resulted therefrom. .

*Judgment Affirmed.*

Decided September 15, A. D. 1913. Rehearing denied November 10, A. D. 1913.